**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

ALDO ARECCO,

    Plaintiff,

v.                                                          **JURY TRIAL DEMANDED**

POWER LINES GROUP, LLC,
and POWER LINES WHOLESALE, LLC,
Florida limited liability companies, and
MONICA GHERSI, an individual,

Defendants.

                                                                /

**COMPLAINT FOR DAMAGES**

Plaintiff, ALDO ARECCO, (hereinafter referred to as "Plaintiff"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, POWER LINES GROUP, LLC and POWER LINES WHOLESALE, LLC, Florida limited liability companies, and MONICA GHERSI, an individual, and states as follows:

**INTRODUCTION**

1. This is an action to recover unpaid overtime compensation wages, an additional equal amount as liquidated damages, retaliation damages, and reasonable attorney's fees and costs under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter

LAW OFFICE OF ROSE H. ROBBINS, J.D.
2255 Glades Rd., #324A ● Boca Raton, FL 33431 ● Phone (954) 946-8130● Fax (954) 301-2200

1

"FLSA").

## JURISDICTION

2. The jurisdiction of the Court over this controversy is based upon 29 U. S.C. §216(b).

3. At all times pertinent to this Complaint, Defendants, POWER LINES GROUP, LLC, and POWER LINES WHOLESALE, LLC, were an enterprise which regularly owned and operated a business, engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

4. Defendants POWER LINES GROUP, LLC and POWERLINES WHOLESALE, LLC have two or more employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

5. Defendants POWER LINES GROUP, LLC and POWER LINES WHOLESALE, LLC's business consists of the wholesale, retail and internet sale of products.

6. At all times material MONICA GHERSI hereto, owned, managed and/or operated POWER LINES GROUP, LLC and POWER LINES WHOLESALE and/or regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of POWER LINES GROUP, LLC and POWER LINES WHOLESALE. By virtue of such control and authority, MONICA GHERSI was an employer of Plaintiff as such is defined by the FLSA. 29 U.S.C. §203(d).

7. Upon information and belief, the corporate Defendants have the requisite $500,000 in annual gross volume of sales made or business done for each year of liability.

LAW OFFICE OF ROSE H. ROBBINS, J.D.
2255 Glades Rd., #324A ● Boca Raton, FL 33431 ● Phone (954) 946-8130● Fax (954) 301-2200

2

8. Plaintiff regularly worked in excess of forty (40) hours in one or more work weeks during his employment with Defendants.

9. However, Defendants did not pay time and a half wages for all of the overtime hours worked by Plaintiff.

10. The records, if any, concerning the hours worked by Plaintiff are in the possession and custody of Defendants.

11. The records concerning the compensation actually paid to Plaintiff are in the possession and custody of Defendants.

12. This Court has jurisdiction over the parties and the subject matter of this litigation.

13. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

14. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## **VENUE**

15. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida, and

    b. Defendant was and continues to be a company doing business within this judicial circuit.

LAW OFFICE OF ROSE H. ROBBINS, J.D.
2255 Glades Rd., #324A ● Boca Raton, FL 33431 ● Phone (954) 946-8130● Fax (954) 301-2200

3

## PARTIES AND FACTS

16. At all times material hereto, Plaintiff, was and continues to be a resident of Broward County, Florida and was an employee of the Defendants within the meaning of the FLSA.

17. At all times material hereto, the corporate Defendants were conducting business in Palm Beach County, Florida, with their principal place of business at 601 N. Congress Avenue, Suite 502, Delray Beach, Florida 33445.

18. At all times material thereto, Defendant MONICA GHERSI was involved in the day-to-day operation of the Defendants and/or supervised the work of the Plaintiff. Therefore, she is personally liable for the FLSA violations.

19. At all times material hereto, Defendant MONICA GHERSI made decisions directly involving the hours worked and/or compensation paid to the Plaintiff.

20. Defendants POWER LINES GROUP, LLC and POWER LINES WHOLESALE are Florida limited liability companies.

21. At all times material hereto, the Defendants were the employers of Plaintiff.

22. At all times material hereto, Defendants were "employers" within the meaning of the FLSA.

23. At all times material hereto, the Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned wages in conformance with the FLSA.

24. The Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

LAW OFFICE OF ROSE H. ROBBINS, J.D.
2255 Glades Rd., #324A ● Boca Raton, FL 33431 ● Phone (954) 946-8130● Fax (954) 301-2200

4

25. Defendants knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) hours per week.

26. At all times material hereto, corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

27. At all times material hereto, the work performed by Plaintiff was directly essential to the business run by Defendants.

28. Plaintiff ALDO ARECCO has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

29. From or about June 13, 2016 until the present time Plaintiff has been employed by the Defendants as a warehouse clerk. His primary duties consisted of performing warehouse related duties for Defendants. During Plaintiff's employment he was not paid for some or all of the overtime hours that he worked.

30. Plaintiff is entitled to overtime compensation at the rate of not less than one and one half times the regular rate at which he was employed.

31. Plaintiff was paid $480.78 per week and worked 48 hours per week.

32. Records concerning the number of hours worked each week by Plaintiff and the actual weekly computations and compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

33. On or about April 13th, 2017, Plaintiff's hours were reduced from 48 to 30 per week a result of his prior complaints to his employers about not being paid overtime and his

refusal to sign a document stating that he was in accord with not being paid overtime in the past.

34. Plaintiff has retained the Law Office of Rose H. Robbins, J.D. to represent him in this litigation and has agreed to pay the firm a reasonable fee and costs for its services.

## STATEMENT OF CLAIMS:

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (FAILURE TO PAY OVERTIME) AGAINST DEFENDANTS POWER LINES GROUP, LLC, POWER LINES WHOLESALE, LLC AND MONICA GHERSI

35. Plaintiff repeats and realleges Paragraphs 1 through 34 as if fully set forth herein.

36. At all times relevant, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed Plaintiff. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.

37. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours.

38. Plaintiff was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours (40 hours) provided for in the FLSA.

LAW OFFICE OF ROSE H. ROBBINS, J.D.
2255 Glades Rd., #324A ● Boca Raton, FL 33431 ● Phone (954) 946-8130● Fax (954) 301-2200

6

39. At all relevant times, Defendants, pursuant to their policies and practices, failed and refused to pay overtime wages to Plaintiff for his hours worked in excess of forty hours per week.

40. By failing to compensate Plaintiff at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.,* including 29 U.S.C. § 207(a)(1) and § 215(a).

41. By failing to record, report, and/or preserve records of hours worked by Plaintiff, Defendants have failed to make, keep, and preserve records with respect to Plaintiff sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.,* including 29 U.S.C. § 211(c) and § 215(a).

42. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

43. Defendants owe the Plaintiff for the hours worked in excess of 40 hours in a workweek at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

44. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

45. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

46. Defendants knowingly and willfully failed to pay Plaintiff one and one half of his regular rate of pay for all hours worked in excess of Forty (40) per week.

LAW OFFICE OF ROSE H. ROBBINS, J.D.
2255 Glades Rd., #324A ● Boca Raton, FL 33431 ● Phone (954) 946-8130● Fax (954) 301-2200

7

47. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus incurred costs and reasonable attorneys' fees.

48. Due to the unlawful acts of the Defendants, Plaintiff has suffered damages of unpaid overtime wages in the amount not presently ascertainable, plus an equal amount as liquidated damages.

49. Plaintiff is entitled to an award of his reasonable attorney's fees and costs of action pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, ALDO ARECCO, respectfully requests that judgment be entered in his favor against the Defendants as follows:

a.  Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

b.  Awarding Plaintiff overtime compensation in the amount calculated;

e.  Awarding Plaintiff liquidated damages in the amount calculated;

d.  Awarding Plaintiff's damages for duration of his employment;

e.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

f.  Awarding Plaintiff post-judgment interest; and

g.  Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

## VIOLATION OF 29 U.S.C. §215(a)(3) (RETALIATION )

## AGAINST DEFENDANTS POWER LINES GROUP, LLC, POWER LINES WHOLESALE, LLC AND MONICA GHERSI

50. Plaintiff repeats and realleges Paragraphs 1 through 34 as if fully set forth herein.

51. At all times relevant, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed Plaintiff. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.

52. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours.

53. At all relevant times, Defendants, pursuant to their policies and practices, failed and refused to pay overtime wages to Plaintiff for his hours worked in excess of forty hours per week.

54. By failing to compensate Plaintiff at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.,* including 29 U.S.C. § 207(a)(1) and § 215(a).

55. By failing to record, report, and/or preserve records of hours worked by Plaintiff, Defendants have failed to make, keep, and preserve records with respect to Plaintiff sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.,* including 29 U.S.C. § 211(c) and § 215(a).

LAW OFFICE OF ROSE H. ROBBINS, J.D.
2255 Glades Rd., #324A ● Boca Raton, FL 33431 ● Phone (954) 946-8130● Fax (954) 301-2200

9

56. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

57. Defendants owe the Plaintiff for the hours worked in excess of 40 hours in a workweek at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

58. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

59. Plaintiff complained to Defendants that he was not being paid overtime for all the hours worked.

60. Plaintiff was asked to sign a document that he was in agreement with Defendants' failure to pay him overtime and he refused to so that.

61. On or about April 13, 2017, Defendants informed Plaintiff that his weekly schedule of work hours were being cut from 48 to 30 per week.

62. There is a direct causal relationship between Plaintiff having informing Defendants of his overtime claim against them and the abrupt reduction of his hours shortly thereafter.

63. The motivating factor which caused Plaintiff's reduction in hours as described above was the notice to Defendants of Plaintiff's right to overtime wages. In other words, Plaintiff would not have had his hours cut but for his complaints to Defendants for overtime wages.

64. The Defendants' reduction in the hours of work of the Plaintiff was in direct violation of 29 U.S.C. 215(a)(3) and, as a direct result, Plaintiff has been damaged.

LAW OFFICE OF ROSE H. ROBBINS, J.D.
2255 Glades Rd., #324A ● Boca Raton, FL 33431 ● Phone (954) 946-8130● Fax (954) 301-2200

10

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants

a. Declaring that the Defendants violated the retaliation provisions of 29 U.S.C. §215(a)(3);

b. Awarding Plaintiff such legal or equitable relief including payment of past and future wages lost wages for retaliation as well as all other damages recoverable by law under the provisions of 29 U.S.C. § 215(a)(3);

d. Awarding Plaintiff liquidated damages in the amount calculated;

e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

f. Awarding Plaintiff post-judgment interest; and

g. Ordering any other relief this Court deems to be just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated this 18th day of April 2017.

                                                  Respectfully submitted,

                                                  LAW OFFICE OF ROSE H. ROBBINS, J.D.
2255 Glades Road, Suite 324A
Boca Raton, FL 33431
Phone: (954) 946-8130
Fax: (954) 301-2200
robbinslawoffice@icloud.com
Attorney for Plaintiff

By: s/Rose H. Robbins, J.D.
     ROSE H. ROBBINS
     FBN: 694568

LAW OFFICE OF ROSE H. ROBBINS, J.D.
2255 Glades Rd., #324A ● Boca Raton, FL 33431 ● Phone (954) 946-8130● Fax (954) 301-2200

11